UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID PINNELL,

           Plaintiff,           Case No. 14-cv-13999

v.           Honorable Thomas L. Ludington

EATON CORPORATION,

           Defendant.

_____/

**ORDER GRANTING MOTION FOR LEAVE TO FILE ANSWER,
STRIKING ANSWER, AND DIRECTING FILING
OF MOTION TO DISMISS AND RELATED PAPERS**

On October 16, 2014, Defendant Eaton Corporation removed this case from Saginaw County Circuit Court. ECF No. 1. While the case was pending in state court, Eaton responded to Plaintiff Pinnell's initial pleading with a motion to dismiss. *Id*. On November 25, 2014, Eaton filed a Motion for Leave to File an Answer *Instanter*. ECF No. 3. Eaton filed an answer on the Court's docket the same day. ECF No. 5. In Eaton's motion it asserted that it initially believed that pleading an answer was not required under Federal Rule of Civil Procedure 81(c)(2). ECF No. 3 at ¶ 3. "Upon further consideration, however, Defendant [was] . . . concerned that Rule 81(c)(2) could be read to require an Answer even though a Motion to Dismiss was previously filed." *Id*. at ¶ 4. Because of this confusion, Defendant requested this Court permit the filing of an answer. *Id*.

An action removed from state court is governed by Federal Rule of Civil Procedure 81(c) upon its arrival in federal court. *See Purcell v. State Farm Mut. Auto. Ins. Co.*, No. 11-7004, 2012 WL 425005, at *3 (E.D. Pa. Feb. 10, 2012). Rule 81(c)(2) provides that "[a]fter removal,

repleading is unnecessary unless the court orders it. A defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods: . . . (C) 7 days after the notice of removal is filed." FED. R. CIV. P. 81(c)(2).

Were it that Eaton had not answered Pinnell's complaint in state court, a responsive pleading would have been required within seven days of removal. Since, however, Eaton filed a responsive pleading in state court, their motion to dismiss, a responsive pleading is not necessary. Under the Federal Rules of Civil Procedure, the bringing of a motion to dismiss tolls the time in which a defendant must answer a complaint:

> (4) Effect of a Motion. Unless the court sets a different time, serving a motion under this rule alters these periods as follows:
>
>> (A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action . . .

FED. R. CIV. P. 12(a). Thus, Eaton did not need to request the filing of an answer since they have adequately pled in response to Pinnell's complaint.

The responsive pleading filed by Eaton in state court, having been removed with Pinnell's complaint, is now a pending motion before this Court. The fact that a motion to dismiss is pending does not preclude a defendant from answering the complaint. Though, answering will technically preclude a defendant from later bringing a motion to dismiss. *See Litchfield Fin. Corp. v. Buyers Source Real Estate Grp.*, 389 F. Supp. 2d 80, 84 (D. Mass. 2005). Eaton is free to answer or not to answer Pinnell's complaint.

Because of the confusion engendered, it appears on both sides, by the removal of a state complaint that had already been responded to by Eaton, repleading will be directed from the Defendant to clear up the docket. In order to effectuate this, Eaton's answer, filed with its motion for leave to file, will be stricken. Eaton will then be directed to refile its motion to dismiss as a

separate docket entry and may then file its answer, if it chooses to do so. The clock governing the time in which Pinnell must refile his response, and supplemental brief, to Eaton's motion will be restarted when the motion is filed on the docket. The motion will then be calendared for hearing in accordance with this Court's practices.

Accordingly, it is **ORDERED** that Defendant Eaton's Motion for Leave to File Answer, ECF No. 3, is **GRANTED.** The Defendant may file an answer, if it chooses to do so.

It is further **ORDERED** that Defendant Eaton's Answer, ECF No. 5, is **STRICKEN**.

It is further **ORDERED** that Defendant Eaton is **DIRECTED** to file its motion to dismiss, originally filed in state court, see ECF No. 1, on this Court's docket.

It is further **ORDERED** that Plaintiff Pinnell is **DIRECTED** to file his response to Defendant's motion to dismiss along with the supplemental brief, both originally filed in state court, on this Court's docket.

Dated: January 28, 2015                     s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 28, 2015.

s/Tracy A. Jacobs
TRACY A. JACOBS